**XIU HUA ZOU, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–4191–ag.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Melissa Desvarieux, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, John S. Hogan, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Hua Zou, a native and citizen of China, seeks review of the August 31, 2007 order of the BIA affirming the September 27, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying Zou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Hua Zou,* No. A96 389 866 (B.I.A. Aug. 31, 2007), *aff'g* No. A96 389 866 (Immig. Ct. N.Y. City Sept. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's adverse credibility determination and emphasizes particular aspects of that decision without rejecting any of the IJ's findings, we "will review both the BIA's and the IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We find that substantial evidence supports the agency's adverse credibility determination. The IJ found implausible Zou's claim that her parents repeatedly approached village cadres to acquire land to build a Catholic church when, according to Zou's own testimony, the practice of Catholicism was illegal in her area. The IJ found it similarly unlikely that Zou and her parents would openly hand out flyers to gain support for their efforts. The IJ's conclusions regarding these aspects of

Zou's testimony are not the result of bald speculation but are tethered to the record, *i.e.,* Zou's own testimony and personal statement. Accordingly, they are entitled to deference. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007); *Ming Xia Chen v. BIA,* 435 F.3d 141, 145 (2d Cir. 2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 16 (2d Cir.2006).

The IJ also relied on Zou's demeanor, noting that she was at times incoherent in response to questions. We similarly afford substantial deference to the IJ's determination as to a witness's demeanor, as the IJ was in the best position to observe it. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also based his determination on Zou's failure adequately to corroborate her claim that she was a member of a Catholic church either in China or in the United States. Although Zou presented a purported church membership certificate to the IJ and a letter from her parents, the IJ afforded these documents little weight. *See Xiao Ji Chen,* 471 F.3d at 342 (noting that the weight to be afforded documentary evidence lies largely within the IJ's discretion). The IJ found it implausible that Zou's husband, who knew her in China, had no knowledge of her church membership there, and he noted that "[t]here is no documentation ... from any individual ... independent of [Zou] that would [provide] any information" regarding her alleged attendance at a church either in China or in the United States. As we have held, an applicant's failure adequately to corroborate her testimony may bear on her credibility, where the absence of corroboration in general makes the applicant unable to rehabilitate testimony that has already been called into question. *See id.* at 341. Here, having already called Zou's credibility into question, the IJ reasonably pointed to the absence of corroborating

evidence as further support for his adverse credibility determination. *See id.*

Zou argues that the IJ erred by relying in part on Zou's lack of knowledge about the Catholic faith in rendering his adverse credibility determination. *See Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006) (noting that "people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and ... [these] same people can be persecuted for their religious affiliation"). The record reflects that Zou knows next to nothing about the faith; but we need not decide whether there was error. In any event, remand would not be required because we can confidently predict that the agency would adhere to the same decision on remand. *See Xiao Ji Chen,* 471 F.3d at 339–40.

In sum, substantial evidence in the record, considered in the aggregate, supports the agency's adverse credibility finding, and the resulting determination that Zou failed to establish her eligibility for asylum. Because the only evidence of a threat to Zou's life or freedom depended upon her credibility, moreover, the adverse credibility determination in this case necessarily precludes success on Zou's religion-based claims for withholding of removal and CAT relief, which were predicated on the same facts as her asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Zou also argues that the agency erred in denying her CAT claim based on her alleged illegal departure. However, Zou points to no evidence that someone in her particular circumstances will more likely than not face torture in China on the basis of having departed illegally. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v.*

*Ashcroft,* 320 F.3d 130, 143–44 (2d Cir. 2003). Accordingly, the agency's denial of Zou's illegal departure-based CAT claim was also supported by the record.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Zou's pending motion for a stay of removal in this petition is DISMISSED as moot.